DOOLEY, J., concurring.
 

 ¶ 30. I fully concur in the opinion for the majority and join it. I write to make clear that this decision does not mean that Neighbors have been found to be interested parties who could participate in CON review procedures before the Board if they had sought intervention within time deadlines. An interested party is defined as
 "persons or organizations representing the interests of persons who demonstrate that they will be substantially and directly affected by the new health care project under review." 18 V.S.A. § 9440(c)(7). This relatively broad definition must be read in relation to the scope and purpose of CON review. As it is stated in the policy and purpose provision in the governing statutes:
 

 It is declared to be the public policy of this state that the general welfare and protection of the lives, health, and property of the people of this state require that all new health care projects be offered or developed in a manner which avoids unnecessary duplication and contains or reduces increases in the cost of delivering services, while at the same time maintaining and improving the quality of and access to health care services, and promoting rational allocation of health care resources in the state; and that the need, cost, type, level, quality, and feasibility of providing any new health care project be subject to review and assessment prior to any offering or development.
 

 18 V.S.A. § 9431(a). CON review implements state health care policies with respect to health care delivery, cost, and quality through evaluation of the need, cost, and quality of new facilities and projects. See
 
 In re Prof'l Nurses Serv. Application for Certificate of Need
 
 ,
 
 2006 VT 112
 
 , ¶ 12,
 
 180 Vt. 479
 
 ,
 
 913 A.2d 381
 
 .
 

 ¶ 31. I do not understand that Neighbors have a position on whether a mental health treatment center is needed in southern Vermont or whether the cost and quality of the center proposed is reasonable in light of the resources available in this state for mental health treatment. Neighbors oppose the location of the facility near their residences and are concerned with whether the facility will be operated with adequate security to prevent a patient from leaving the facility and interacting with Neighbors in inappropriate or even dangerous ways. I do not deny the validity of Neighbors' concerns, or the need for a forum in which to have them considered, but I question whether the Green Mountain Care Board and the CON process is the proper place for these concerns to be addressed. The CON process is focused on need, cost, and quality of health care expenditures and not on facility siting, and there is no indication that the Board has any expertise in the concerns raised by Neighbors. Moreover, the concerns may be appropriate for consideration in facility licensing by the Department of Aging and Independent Living, see
 
 ante
 
 , ¶9 n.5, where Neighbors are also appearing, and in land use permitting in the town. Duplicative regulation adds significant costs and delay to the participants in regulatory processes, as well as to the regulatory agencies, and delay risks inconsistent results.
 

 ¶ 32. The Board is a limited resource in an important role. It is important that we ensure that the resource is used carefully and appropriately.
 

 ¶ 33. I am authorized to state Superior Judge Davenport (Ret.) joins this concurrence.